UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-24733

HEATHER MOSE,
a citizen and resident of Georgia,

                Plaintiff,

vs.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES,

                Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, HEATHER MOSE, a citizen and resident of Georgia, hereby sues Defendant, CARNIVAL CORPORATION, with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES ("Defendant CARNIVAL"), and alleges the following:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, HEATHER MOSE, is a resident and citizen of Georgia, and is otherwise *sui juris*.

3. Defendant, CARNIVAL, is an American corporation with its principal place of business in Miami-Dade County, Florida. Defendant CARNIVAL is a citizen of Florida for purposes of determining subject matter jurisdiction over this action.

4. At all material times Defendant CARNIVAL CORPORATION, was operating under the fictitious name "CARNIVAL CRUISE LINES" ("CARNIVAL").

5. The damages and injuries suffered by Plaintiff support an award of damages in excess of $75,000.00, exclusive of interest and costs.

6. This case has admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 since the accident occurred on a cruise ship in open waters and has the potential to impact maritime commerce.

7. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, so that in personam jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

8. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for fare paying passengers, including the Plaintiff.

9. In the operative ticket contract, the Defendant requires fare-paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

10. Venue is also proper in this district because the Defendant's principal places of business is located within this district.

11. Plaintiff has complied with all conditions precedent to bringing this action, including providing Defendant with timely notice as required by the ticket contract.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

12. At all material times, Defendant CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "CARNIVAL MARDI GRAS".

13. On July 21, 2024, Plaintiff was a fare paying passenger aboard the "CARNIVAL MARDI GRAS" and in that capacity was lawfully present aboard the vessel.

14. On July 21, 2024, Plaintiff was onboard, slipped, fell on water on the floor by the pool deck, and sustained serious injuries.

## COUNT I - NEGLIGENCE

Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

15. At all material times, Defendant CARNIVAL owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to maintain its vessel, including the floor surface in the area where Plaintiff slipped and fell, in a reasonably safe condition.

16. On July 21, 2024, Defendant breached its duty in that it allowed the floor surface by the pool to be wet and slippery causing Plaintiff to fall and suffer serious injuries.

17. At all material times, Defendant knew or should have known that the subject floor surface by the pool had the propensity to be dangerous, being an area that is slippery and wet due to passengers coming in and out of the pool wet, and yet Defendant failed to take any measure to correct the problem.

18. Given the fact that it was foreseeable to Defendant that the subject floor surface by the pool would be wet and slippery just prior to Plaintiff's fall, Defendant had a duty to monitor said floor and mop up water on said surface.

19. Given the fact that this condition was foreseeable to Defendant that the subject floor surface by the pool area would be wet and slippery, Defendant failed to warn the Plaintiff of the floor being wet and did nothing to prevent Plaintiff from falling.

20. Defendant breached its duty by leaving the subject floor surface wet, resulting in Plaintiff slipping and fully sustaining injuries.

**WHEREFORE,** Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

### **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: October 15, 2025

**CHALIK & CHALIK, P.A.**
Attorneys for Plaintiff
10063 N.W. 1st Court
Plantation, Florida 33324
Tel.:   (954) 476-1000
Fax:   (954) 472-1173
Service:  litigation@chaliklaw.com

By: /s/ *Debi Chalik*
         DEBI F. CHALIK
         Florida Bar No. 179566
         Debi@chaliklaw.com